# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LANE ALLMOND, MISTY ALLMOND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-05058-CV-RK |
| | ) | |
| DOREL JUVENILE GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO REMAND

This case was removed from state court on August 7, 2019. (Doc. 1.) Thereafter, Plaintiffs filed a Motion to Remand, which asserts the case should be remanded because Plaintiffs' dismissal of the only non-diverse defendant was involuntary. (Doc. 5.) The motion is now fully briefed. (Docs. 5, 8, 9.) For the following reasons, the Court concludes that Defendant's removal of this case was proper, and Plaintiffs' Motion to Remand is therefore **DENIED**.

I.  **Background**

On June 8, 2018, a motor vehicle accident occurred involving two vehicles: (1) a Jeep Liberty driven by Misty Allmond, containing passengers Lane Allmond, Blane Allmond, and Marli Allmond; and (2) a Peterbilt 357 driven by Trevor Pettibon ("Pettibon") and owned by Farmers AG & Grain Supply, Inc. ("Farmers Ag"). (Doc. 1-2.) Berkshire Hathaway Homestate Insurance Company ("BHHIC") had issued an insurance policy to Farmers Ag for the period of March 24, 2018, through March 24, 2019, with a single liability limit of $1,000,000. (Doc. 5-1.) On December 17, 2018, BHHIC filed a petition for interpleader in the Circuit Court of Vernon County, Missouri. (Doc. 5-1.) The petition for interpleader sought to deposit available insurance proceeds with the court due to claims asserted in connection with the June 8, 2018 motor vehicle accident. On February 14, 2019, Plaintiff filed this suit against Defendant Dorel Juvenile Group, Inc. ("DJG") and Pettibon in the Circuit Court of Vernon County, Missouri. (Doc. 1-2.) The Complaint alleges causes of action for negligence against DJG and Pettibon and products liability against DJG arising out of the crash that occurred between Plaintiffs and Pettibon on June 8, 2018. (*Id.*) On April 12, 2019, BHHIC filed an Application for Approval of Wrongful Death Settlement, Minor Settlement, Distribution of Funds, and Discharge of Plaintiff in the Interpleader Action ("settlement"). (Doc. 5-3.) The settlement was approved on April 29, 2019. (Doc. 5-4.) The

settlement was an agreement "to a compromise settlement of any and all claims which [Plaintiffs] may have against Defendant Pettibon[.]" (*Id.*)  The approval of settlement also stated Plaintiffs "shall execute a release which extinguishes any and all claims which they have against Defendant Pettibon[.]" (*Id.*)  On July 29, 2019, Plaintiffs dismissed Pettibon in accordance with the settlement. (Docs. 5-4, 5-5.)  On August 7, 2019, Defendant DJG filed their notice of removal, claiming the only non-diverse defendant, Pettibon, had been dismissed from the case. (Doc. 1.)

The parties concede that Pettibon was the only non-diverse defendant.  The current parties to this action are completely diverse[1] and the amount in controversy exceeds $75,000.  Despite this, Plaintiffs argue Pettibon's dismissal was involuntary and thus remand is proper under the voluntary-involuntary rule.  *See In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462 (8th Cir. 1984); *Power v. Norfolk Ry. Co.*, 778 F. Supp. 468 (E.D. Mo. 1991); *Machinsky v. Johnson & Johnson Medical, Inc.*, 868 F. Supp. 269 (E.D. Mo. 1994).  Plaintiffs' argument is without merit.

## II.     Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).  Removal statutes are strictly construed against the intrusion on the right of state courts to decide their own controversies, and all doubts about the propriety of removal are resolved in favor of remand.  *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).  Stemming from the strict construction requirement, the party seeking to invoke the court's jurisdiction bears the burden of establishing federal jurisdiction.  *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

28 U.S.C. § 1441(a) allows an action to be removed if the district court has original jurisdiction.  28 U.S.C. § 1332(a) provides that the district court has original jurisdiction in a civil matter between diverse citizens in which the amount -in- controversy is at least $75,000.  Removal is governed by 28 U.S.C. § 1446.  Specifically, 28 U.S.C. § 1446 (b)(2)(3) provides,

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[1] Plaintiffs are citizens of the State of Missouri.  Defendant DJG is a citizen of Massachusetts and Indiana.

Under the "voluntary-nonvoluntary rule" adopted by the Eighth Circuit, a case that is non-removable on its initial pleadings for lack of diversity can only become removable pursuant to a voluntary act of the plaintiff. *See In re Iowa Mfg. Co.*, 747 F.2d at 463-64; *Norfolk Ry. Co.*, 778 F. Supp. At 469-70; *Machinsk.*, 868 F. Supp. At 270. The Supreme Court developed the standard "voluntary-involuntary" rule for evaluating removability in *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 99-101 (1898). The rule requires that a case remain in state court unless a "voluntary" act by the plaintiff brings about such a change in circumstances that makes the suit removable. *Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900); *Ushman by Ushman v. Sterling Drug, Inc.*, 681 F. Supp. 1331 (C.D. Ill. 1988); *Drost Equipment, Inc. v. Ford Motor Co.*, 605 F. Supp. 94, 95 (S.D. Iowa 1985). The rule provides for a litmus test:

> If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.

*In re Iowa Mfg. Co. of Cedar Rapids*, 747 F.2d at 463.

### III. Discussion

The parties do not dispute the case was not removable on its initial pleadings; Pettibon was a properly joined, non-diverse Defendant. However, Plaintiffs have now dismissed Defendant Pettibon with prejudice. (Doc. 5-5.) The dispositive question then is whether Plaintiffs' dismissal of Pettibon was voluntary or involuntary. For the reasons set forth below, the Court finds Plaintiffs' dismissal of Pettibon was voluntary. Therefore, Plaintiffs' Motion for Remand will be denied.

Numerous cases have held a settlement with a party is a voluntary act of the plaintiff and supports proper removal. *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985) ("a settlement between Chohlis and the pilot's estate was final enough to support removal"); *Power v. Norfolk & Western RY, Co.*, 778 F. Supp. 468, 470 (E.D. Mo. 1991) ("[r]emoval has been permitted if the . . . plaintiff dismisses claims against a non-diverse defendant") (citing *Warren Bros. Co. v. Community Bldg. Co. of Atlanta, Inc.*, 386 F. Supp. 656 (M.D.N.C. 1974)); *see also Erdey v. American Honda Co.,* 96 F.R.D. 593, 597-99, *rehearing granted,* 558 F. Supp. 105, 106-

07 (M.D. La. 1983); *Bumgardner v. Combustion Eng'g,* 432 F. Supp. 1289, 1291 (D.S.C. 1977); *Gable v. Chicago, Minn. St. Paul & Pac. Ry.,* 8 F. Supp. 944, 946 (W.D. Mo. 1934).

Plaintiffs attempt to argue it was not their voluntary decision to dismiss Defendant Pettibon even though they agreed to the terms of the settlement. (Doc. 5, ¶ 32.) Even if Plaintiffs did not initiate settlement negotiations, the fact remains they agreed to settle with and dismiss Pettibon in consideration for the payment of $1,000,000 from BHHIC. (Doc. 5-4). The settlement states that Plaintiffs "shall execute a release which extinguishes any and all claims which they have against Defendant Pettibon." (*Id.*) Had Plaintiffs wished to keep Pettibon in the case, they should not have agreed to dismiss him as a Defendant.

Next, Plaintiffs cite to *Machinsky*, 868 F.Supp. 269 (E.D. Mo. 1994). In *Machinsky* the non-diverse defendant filed a motion to dismiss, which was granted. *Id.* at 270. The remaining defendant then filed a notice of removal. *Id.* Even though the plaintiff did not contest the motion to dismiss, and even suggested language to be used in the order of dismissal, the court found the plaintiff's acts involuntary. *Id.* Thus, in *Machinsky*, remand was proper. *Id.* Unlike *Machinsky* however, here, Plaintiffs voluntarily entered a settlement agreement. Plaintiffs do not contend they were without control or discretion to negotiate the terms of the settlement nor do Plaintiffs argue they lacked the ability to ultimately accept or reject the agreement.

Finally, Plaintiffs largely argue the settlement and dismissal was not voluntarily because it was a result of the interpleader action initiated by BHHIC. Plaintiffs specifically argue the interpleader action compelled them to act and the settlement was not initiated by plaintiffs. (Doc. 9, p. 3-4.) Plaintiffs cite no authority, however, to support their argument that settlements arising from interpleader action are somehow different from other settlements. Even if the interpleader action compelled them to take some action, Plaintiffs were not required to enter into a settlement agreement.

In fact, interpleader is a remedy solely for the protection of the stakeholder. *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 294 (8th Cir. 1966). Interpleader cannot be used to force the discharge of liability against an individual insured; rather, relief is limited to the proceeds of the policy. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534-535 (1967); *See also State v. ex rel. Phillips v. LePage*, 67 S.W.3d 690, 693-94 (Mo. App. 2002) (citing *Tashire*; *Empire Fire and Marine Ins. Co. v. Crisler,* 405 F. Supp. 990 (S.D. Miss. 1976); *Reliance Nat'l Ins. Co. v. Great Lakes Aviation, Ltd.,* 12 F. Supp.2d 854 (C.D. Ill. 1998); *Pan American Fire & Cas. Co. v. Revere,* 188

F. Supp. 474 (E.D. La. 1960)).  The interpleader action in no way required the dismissal of Pettibon.

IV. **Conclusion**

For the foregoing reasons, the Court concludes Plaintiff voluntarily dismissed Pettibon with prejudice.  Pettibon was the only non-diverse defendant, and thus, Defendant DJG properly removed this case pursuant to the Court's diversity jurisdiction.  Therefore, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.


                s/ Roseann A. Ketchmark
                ROSEANN A. KETCHMARK, JUDGE
                UNITED STATES DISTRICT COURT

DATED:  September 26, 2019